**GREGORY E. MILLER, Plaintiff**

**v.**

**VALDEMAR PRINCE, Defendant**

S. C. No. 499/1978

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 10, 1979

GREGORY E. MILLER, ESQ., Christiansted, St. Croix, V.I., *pro se*

VALDEMAR PRINCE, Frederiksted, St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This is a suit brought in the Small Claims Division of this Court by plaintiff, an attorney, to recover compensation for legal services allegedly rendered by him in connection with a criminal case brought against the defendant by the Government of the Virgin Islands. It demonstrates all too clearly the need to reduce retainer agreements between attorney and client to writing.

Defendant has filed a counterclaim alleging the inadequacy of plaintiff's legal services, but this pleading fails to seek any affirmative relief against the plaintiff and, consequently, fails to state a claim for which relief may be granted. In compliance with the concept that the law looks to substance rather than form, and pursuant to the dictates of equity, however, this Court will treat the allegations of the counterclaim as the assertion of an affirmative defense.[1]

The facts leading up to this action are as follows. Defendant was convicted of petit larceny by the Municipal

---

[1] Rule 8, Fed. R. Civ. P.

Court of the Virgin Islands on April 21, 1976. The sentence imposed was ninety days imprisonment, sixty of which were suspended. After his motion for a new trial was denied, defendant appealed to the District Court and remained free on bond pending appeal. The District Court affirmed his conviction on August 9, 1977.

Plaintiff's involvement with defendant began shortly after defendant's conviction was affirmed on appeal,[2] when defendant, in a continuing effort to get relief from the conviction, requested and secured plaintiff's services. Subsequently, on August 26, 1977, defendant was apprehended for the purpose of commencing the service of his sentence, but was, with plaintiff's assistance, released on bond. On September 9, 1977, plaintiff filed on behalf of defendant a "Motion to Stay Execution of Sentence to Allow Counsel Time to Consider and Prepare a Motion for a New Trial." After oral argument before Judge Finch, that motion and a motion for a new trial based on newly discovered evidence were denied, it appearing that the evidence alleged to be newly discovered, to wit: affidavits of alibi witnesses, was the same evidence offered to and rejected by Judge Finch on an earlier motion for a new trial argued prior to the appeal to the District Court. Defendant was thereafter taken into custody and served his sentence. He now resists payment of plaintiff's fees.

■ There is no question but that plaintiff, in his capacity as an attorney, rendered professional services at the request of defendant in connection with the criminal case in which defendant was involved. Although there appears to have been no express agreement between the parties as to the amount of compensation plaintiff was to receive, under the circumstances, the law implies a contract upon de-

---

[2] Prior to retaining plaintiff in this matter, defendant was represented by Attorney Michael Lehtonen, Attorney O. S. Lad Mingus, and Attorneys Jean-Robert Alfred and Blondell Morey.

fendant's part to pay a reasonable attorney's fee. Plaintiff will prevail unless defendant, by a preponderance of the evidence, establishes an adequate defense.

In his effort to establish his defense, defendant has questioned virtually all aspects of plaintiff's representation. The Court has been faced with a profusion of theories as to why plaintiff is not entitled to compensation, the most substantial of which will be addressed herein.

The first theory advanced by defendant is that plaintiff failed to perform his contractual duty of filing an appeal to the United States Court of Appeals for the Third Circuit. This contention requires the Court to decide the scope of employment. Defendant attempted to establish by the evidence that he employed plaintiff for the general purpose of seeking relief from the prior judgment of conviction and sentence thereon by whatever means available. While it is undisputed that defendant *requested* plaintiff, at the time he employed him, to appeal to the United States Court of Appeals for the Third Circuit, plaintiff claims that he *accepted employment* for the limited purpose of applying for a new trial and for reconsideration of sentence on whatever grounds he deemed appropriate or likely to succeed.

■ The motion to stay execution and accompanying affidavit filed by plaintiff on defendant's behalf on September 9, 1977, are determinative of this point. In his affidavit, plaintiff related to the court the circumstances and conditions of his employment, stating that at the time defendant requested his services, he informed defendant of his heavy workload and that he ". . . did not want to be bothered with an appeal to the Third Circuit Court of Appeals."[3] Since this affidavit was sworn to prior to the rendering of the bill for services, and thus prior to the present dispute, I have placed considerable reliance on it and, accordingly, find that

[3] See ¶ 5, Defendant's Exhibit G in evidence.

plaintiff did not agree to file an appeal to the United States Court of Appeals for the Third Circuit. Since it is no defense to an attorney's suit for fees that he failed to perform some service which was *not within his contractual duties*, 7 C.J.S., Attorney & Client, § 196, plaintiff's failure to file an appeal to the United States Court of Appeals for the Third Circuit does not constitute a viable defense.

Defendant's second contention is that plaintiff was negligent in the manner in which plaintiff interviewed witnesses in preparation for the motion for relief from judgment. Defendant has failed, however, to sustain his required burden of proof. To defeat a recovery of attorney's fees on the ground of negligence, a defendant must show that the alleged acts of negligence worked a loss or injury to him. 7 C.J.S., Attorney & Client, § 164. This Court finds that defendant has shown no loss resulting from the manner in which plaintiff pursued the motion to reconsider and, further, that defendant has no basis for any claim of such loss. The Court's authority for granting relief on the basis of newly discovered evidence derives from Rule 60(b)(2), Fed. R. Civ. P., 5 V.I.C. App. I, Rule 60, made applicable to this Court by Rule 5, Fed. R. Civ. P., 5 V.I.C. App. IV, Rule 7. For relief pursuant to Rule 60(b)(2), Fed. R. Civ. P., the movant must show that the proferred evidence could not by due diligence have been discovered in time to make a motion for a new trial under Rule 59, Fed. R. Civ. P., 5 V.I.C. App. I, Rule 59 (10 days after the entry of the judgment).

In the case at bar, the proferred testimony of the alibi witnesses was not newly discovered evidence, since defendant knew of its availability and content within the appropriate time for filing a motion under Rule 59(b).[4] Consequent-

---

[4] See Defendant's Exhibits C, D, and E in evidence, the affidavits of James Simon, Clement Brown and George Byam, which had been submitted to the Court prior to the appeal to the District Court.

ly, relief under Rule 60(b) was not available to defendant, and any negligence on the part of plaintiff could not and did not affect the outcome of the motion.

Defendant also asserts that plaintiff was negligent in failing to investigate defendant's allegations that the transcripts of proceedings of two unrelated civil trials were tampered with. This argument misses the mark. Whatever may or may not have occurred in these civil proceedings, there is simply no relevance to the criminal case and to plaintiff's performance of services therein.

Defendant having failed to establish an adequate defense, it becomes necessary to determine a fair and reasonable fee. The Court has in evidence plaintiff's itemized bill totaling $396.80 and the testimony of plaintiff that after the dispute about his fees arose, he eliminated any charges that he felt might be questionable. His further testimony indicates that he billed defendant at an hourly rate of $60 and that the prevailing rate for legal services in the St. Croix community is $60 to $75 per hour.

I find that plaintiff performed virtually all of the services claimed and that charges therefor are reasonable. Judgment in favor of plaintiff and against defendant shall enter in accordance with this opinion.

### JUDGMENT

A Memorandum Opinion having been filed herein on even date herewith; and the Court being otherwise fully advised in the premises; it is

ORDERED, ADJUDGED AND DECREED that plaintiff have judgment herein against the defendant in the sum of $396.80, together with his costs of this action in the sum of $7.00.